**In the Matter of WESCORP, INC., Debtor.**

**Thomas M. GERMAIN, Trustee, Plaintiff,**

v.

**RFE INVESTMENT PARTNERS IV, L.P., First New England Capital, L.P.**

Bankruptcy No. 2–91–01562.
Adv. No. 2–92–2103.

United States Bankruptcy Court, D. Connecticut.

Dec. 16, 1992.

Edward C. Taiman, Jr., Germain & Associates, Eric J. Small, U.S. Trustee, New Haven, CT, for trustee, plaintiff.

James C. Graham and Marc S. Edrich, Pepe & Hazard, Hartford, CT, for defendant, First New England Capital, L.P.

## MEMORANDUM OF DECISION AND ORDER ON DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AS TO COUNTS THREE AND FOUR OF COMPLAINT

ROBERT L. KRECHEVSKY, Chief Judge.

## I.

### ISSUE

The matter before the court is a defendant's appropriately supported motion for summary judgment on the third and fourth counts of a complaint brought by Thomas M. Germain, trustee of the chapter 7 estate of Wescorp, Inc., (the debtor). Counts Three and Four apply only to the defendant, First New England Capital, L.P., (FNEC), and allege that the debtor made payments to FNEC more than 90 days prior to the debtor's bankruptcy filing, but within one year of such filing. The trustee contends the payments constitute both a preference (Count Three) and a fraudulent conveyance (Count Four). The central issue raised by FNEC's motion is whether FNEC qualifies as an "insider" to which a one-year rather than the 90–day bar date for preferential transfers applies. The trustee concedes that FNEC is entitled to summary judgment on Count Four in that no basis exists to support a fraudulent transfer claim.

Although the trustee postulates there is a material fact in dispute, he asserts only the ultimate issue of whether FNEC is an insider. That response is not sufficient to establish a genuine issue for trial under F.R.Civ.P. 56(e) made applicable by F.R.Bank.P. 7056. ("When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or

denials of the adverse party's pleadings, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial.") *See Quinn v. Syracuse Model Neighborhood Corp.*, 613 F.2d 438, 445 (2d Cir.1980) ("[A] litigant opposing summary judgment ... 'may not rest upon mere conclusory allegations or denials' as a vehicle for obtaining a trial."). Accordingly, the question to be decided is whether or not the following nondisputed facts establish that FNEC is an insider.

## II.

## BACKGROUND

The debtor, a manufacturer of packaging and diskette processing machinery, on December 21, 1989, was the borrower under a loan agreement for $1,500,000 (loan agreement) with RFE Investment Partners IV, L.P. (RFE) and FNEC, with FNEC funding $600,000 of the loan. The total loan was secured by a lien on the debtor's assets, junior to a $10,000,000 lien held by the debtor's principal lender, Peoples Bank. FNEC is a small-business investment company. FNEC and RFE are wholly independent of one another and share no common ownership. The debtor is a closely-held corporation of three stockholders who own virtually all of its 3,150 shares of issued common stock.

As additional consideration for the loan, the debtor gave FNEC warrants to purchase 412 shares of the debtor's common stock. The loan agreement covered both the RFE loan and the FNEC loan and contained the following provisions the trustee asserts are pertinent to the issue posed by FNEC's motion: (1) in the event the debtor defaulted in any installment due under the Peoples Bank loan or the RFE and FNEC loans, RFE and FNEC had the joint right to elect the majority of the debtor's board of directors; (2) a default in either the RFE or FNEC loans constituted a default in both loans; (3) the compensation of the three principals of the corporation was subject to the approval of RFE as agent of FNEC.

Following the execution of the loan agreement the debtor's business did not prosper, and the debtor filed a chapter 7 petition on May 14, 1991. None of the options contained in the loan agreement available to FNEC had ever been exercised: e.g., the warrants to purchase stock; the option to elect the board of directors; the right to set officers' compensation.

The trustee, in his complaint filed on March 18, 1992, alleges that $48,150 in interest payments on the loan made by the debtor to FNEC between June 27, 1990 and December 26, 1990 constituted, pursuant to Code § 547(b), preferential payments. FNEC contends that inasmuch as it was not an insider as defined by Code § 101(31), it is entitled to summary judgment.

## III.

## DISCUSSION

Code § 547(b)(4)(B) permits a trustee to avoid a transfer otherwise preferential, made "between 90 days and one year before the date of the filing of the petition, if such creditor at the time of such transfer was an insider." Code § 101(31) provides that "insider" includes—

(B) if the debtor is a corporation—

    (i) director of the debtor;

    (ii) officer of the debtor;

    (iii) person in control of the debtor;

    .    .    .    .    .

    (vi) relative of a general partner, director, officer, or person in control of the debtor.

The trustee contends, and FNEC denies, that the above cited provisions of the loan agreement, taken together, made FNEC an insider as a "person in control of the debtor."

The phrase "person in control of the debtor" has not been given strict interpretation by the courts with the determination of insider status made on a case-by-case basis. *See, e.g., DeRosa v. Buildex Inc. (In re F & S Central Mfg. Corp.)*, 53 B.R. 842, 848 (Bankr.E.D.N.Y.1985). "The cases which have considered whether insider status exists generally have focused on two

factors in making that determination: (1) the closeness of the relationship between the transferee and the debtor; and (2) whether the transactions between the transferee and the debtor were conducted at arm's length." *In re Holloway,* 955 F.2d 1008, 1011 (5th Cir.1992).

The trustee relies exclusively on the holding in *F & S Central Mfg. Co., supra,* to support his contention that FNEC was an insider. In *F & S Central Mfg. Co.,* a debtor had been a wholly-owned subsidiary of the defendant. The defendant transferred the debtor's common stock to The Brunswick Group Inc. on the condition that by a date certain the debtor make a payment to the defendant of 1.499 million dollars on an antecedent debt of 3.249 million dollars. If the payment were not made, the defendant would reacquire the debtor's common stock. The court, under those circumstances, determined that the transaction between the debtor and the defendant was not an arms-length one and that the defendant was an insider. *F & S Central Mfg. Co.* constitutes no precedent for the present proceeding. The facts in the matter before the court do not fit the fact pattern in that case in that FNEC's potential control over the debtor was that established under the terms of an arms-length creditor-debtor agreement. The uncontested facts establish that the loan agreement between FNEC and the debtor was an independently negotiated transaction, and that the provisions of the loan agreement which might have led to control of the debtor were never implemented or threatened to be implemented. The court has located no authority which supports a determination that under such conditions a lender may be held to be an insider. Rather, the cases seemingly go to support FNEC's contention that bona fide, reasonable financial controls imposed on a debtor during an arms-length transaction which leaves managerial control with the debtor will not make the lender an insider. "[E]xercise of financial control by a creditor over a debtor which is incident to the creditor-debtor relationship, does not make the creditor an insider." *Johnson v. NBD Park Ridge Bank (In re Octagon Roofing),* 124 B.R.

522, 530 (Bankr.N.D.Ill.1991) (bank not an insider even if bank could shut down debtor's business unless it received second mortgage on debtor's realty); *See also Badger Freightways Inc. v. Continental Ill. Nat'l Bank and Trust Co. of Chicago (In re Badger Freightways Inc.)* 106 B.R. 971, 982 (Bankr.N.D.Ill.1989) (The key issue in deciding whether a lending bank is an insider is whether the bank is in a position to make the decision authorizing a transfer in payment of an antecedent debt.); *Tidwell v. Amsouth Bank (In re Cavalier Homes of Georgia, Inc.)* 102 B.R. 878, 883 (Bankr.M.D.Ga.1989) (Bank required debtor to make frequent financial reports to bank and bank received all payments on debtor's accounts receivable, endorsed same and deposited them in debtor's bank account at bank. Held: bank not an insider because exercised no managerial control over debtor and debtor not required to obtain prior approval from bank for ordinary course of business decisions.); *Huizar v. Bank of Robstown (In re Huizar)* 71 B.R. 826, 832 (Bankr.W.D.Tex.1987) ("[c]ourts which have considered the insider preference issue as between a debtor and a creditor-bank have adopted a view that a creditor-lending institution must be able to exercise a reasonable amount of debtor control without fear of being labelled an insider."); *Cf. In re Technology for Energy Corp.,* 56 B.R. 307, 316 (Bankr. E.D.Tenn.1985) (dictum) (Where bank attained voting control over debtor's stock, but never exercised that control, participatory control of debtor by bank not demonstrated and bank not an insider for preference purposes.).

On the record made in this proceeding, the trustee cannot prevail in his contention that FNEC was an insider and subject to the one-year bar date for avoidance of alleged preferential payments.

## IV.

## CONCLUSION

The motion for summary judgment filed by FNEC is granted and judgment will

enter that Counts Three and Four of the complaint be dismissed. It is

SO ORDERED.